756 S.E.2d 386

Ex parte G. Murrell SMITH, Jr., John Nichols, Gerald Malloy, Harry A. Dest, D. Ashley Pennington, Douglas L. Strickler, Jack D. Howle, Jr., Yvonne Murray–Boyles, James Bannister, Ashlin B. Potterfield and Walker Willcox, Petitioners.

In re South Carolina Commission on Indigent Defense and Office of Indigent Defense, Plaintiff,

v.

Charles Thomas Brooks, III, Defendant.

Appellate Case No. 2013–000176.

Supreme Court of South Carolina.

March 31, 2014.

## ORDER

By order dated October 4, 2013, this Court granted the petition for original jurisdiction in this case and appointed the Honorable Clifton Newman to serve as special referee.

This Court now has before it a Motion to Quash and/or Motion for a Protective Order of Deposition Notice for G. Murrell Smith, Jr., John Nichols, Gerald Malloy, Harry A. Dest, D. Ashley Pennington, Douglas L. Strickler, Jack D. Howie, Jr., Yvonne Murray–Boyles, James Bannister, Ashlin B. Potterfield and Walker Willcox. The potential deponents (hereinafter, "petitioners") received notices of deposition from respondent, which included a request to produce certain documents and to be prepared to testify regarding the documents at the deposition. The depositions were originally scheduled for January 30, 2014, but did not occur at that time. Petitioners are informed and believe that respondent is in the process of rescheduling the depositions; therefore, they move this Court to quash the notices of deposition and/or grant a protective order pursuant to Rule 26(c), SCRCP. Petitioners assert their testimony is not relevant to the narrow issue to be determined in this matter and the deposition notices are intended merely to harass, annoy and unduly burden both the Court and the potential deponents, and to complicate and confuse the issue to be decided.

Because it appears the information respondent seeks by way of deposing petitioners may not be related to the issue before this Court and referred to Judge Newman,[1] pursuant to Rule 26(c)(2), SCRCP, we hereby prohibit respondent from noticing any further depositions in this case without first filing a verified petition with Judge Newman setting forth the substance of the testimony respondent expects to elicit from the deponent and how it is relevant to the issue to be decided in this case. If Judge Newman is satisfied that the testimony to be elicited is relevant and necessary to a determination of the issue in this case, he shall issue an order granting respondent permission to take the deposition requested and specifying the subject matter of the examination.

It has also come to the attention of this Court that respondent has issued over seventy subpoenas duces tecum to various attorneys across the state seeking similar information as that sought from petitioners. We find these subpoenas place an undue burden on those subpoenaed and therefore quash any subpoenas duces tecum respondent has issued. Rule 45(c)(3)(A), SCRCP. Accordingly, pursuant to Rule 26(c)(2), SCRCP, we hereby prohibit respondent from re-issuing those subpoenas, or issuing any new subpoenas duces tecum, without following the same procedure set forth above for the issuance of notices of depositions.

Finally, respondent shall, by 5:00 p.m., Monday, March 31, 2014, fax, email, or hand deliver to the Clerk of this Court and to Judge Newman, and verify receipt of such with the Clerk and Judge Newman by the appointed time, a complete list of all of the persons who have been served with and/or issued, by email, mail or other means, a subpoena duces tecum and/or a

---

1. *See also* Rule 26(b)(1), SCRCP ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.").

notice of deposition by respondent in this matter up to this point

/s/Jean H. Toal, C.J.
   FOR THE COURT